**Amador DIAZ–MAZARIEGOS,**
**Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney**
**General, Respondent.**

No. 06–72594.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Oct. 1, 2007.

Carol A. Dvorkin, Law Office of Carol A. Dvorkin, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Benjamin J. Zeitlin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Amador Diaz–Mazariegos, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part, grant in part and remand.

Substantial evidence supports the IJ's adverse credibility determination because Diaz–Mazariegos's testimony and declaration were inconsistent regarding matters that go to the heart of his asylum claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, Diaz–Mazariegos is not eligible for asylum.

Because Diaz–Mazariegos failed to demonstrate eligibility for asylum, he necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Diaz–Mazariegos's CAT claim also fails because it is based on the same facts that

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the IJ deemed not credible. *See id.* at 1157.

Diaz–Mazariegos contends that the BIA erred when it affirmed the IJ's frivolous asylum application determination. The BIA recently issued guidance for deciding when an asylum application may be found to be frivolous, *see In Re Y–L–,* 24 I. & N. Dec. 151 (BIA 2007). Because these guidelines were issued after the BIA considered the appeal in the instant case, we grant the petition in part and remand so the BIA may apply these standards to the IJ's frivolousness finding in this case.

**PETITION DENIED in part, GRANTED in part and REMANDED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.